UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| | | | |
|---|---|---|---|
| Case No. | 8:23-cv-02194-JWH-DFM | Date | December 26, 2023 |
| Title | *Carla Rodriguez v. KTLA Properties Limited Partnership, et al.* | | |

Present: The Honorable   JOHN W. HOLCOMB, UNITED STATES DISTRICT JUDGE

| Clarissa Lara | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   ORDER TO SHOW CAUSE REGARDING SUBJECT MATTER JURISDICTION (IN CHAMBERS)**

Plaintiff Carla Rodriguez initially filed this action in the Orange County Superior Court.[1] On November 22, 2023, Defendants KTLA Properties Limited Partnership and The Goodman Group, LLC removed this case to this Court pursuant to 28 U.S.C. § 1332.[2]

As an initial matter in every case, the Court must ensure that it possesses subject matter jurisdiction. District courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states[.]" 28 U.S.C. § 1332.

Additionally, the Federal Rules of Civil Procedure require that when an action is removed to federal court on the basis of diversity under 28 U.S.C. § 1332(a), the removing party must file a disclosure statement that identifies the

---

[1]   *See* Defs.' Notice of Removal (the "Removal Notice") [ECF No. 1].
[2]   *See generally id.*

citizenship of every individual or entity whose citizenship is attributed to that party.  Fed. R. Civ. P. 7.1(a)(2)(A).  Indeed, each party must file a Rule 7.1 Disclosure Statement with that party's "first appearance, pleading petition, motion, response, or other request addressed to the court."
Fed. R. Civ. P. 7.1(b)(1).

The issue here is the citizenship of Defendants KTLA, a limited partnership, and Goodman, a limited liability company.  "The Ninth Circuit has long held that for purposes of diversity jurisdiction, a limited partnership shares the citizenship of all of its limited partners."  *Capo, L.P. v. Citizens Ins. Co. of Am.*, 2022 WL 17361446, at *2 (C.D. Cal. Dec. 1, 2022).  A limited liability company "is a citizen of every state of which its owners/members are citizens."  *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  Defendants state in their notice of removal that "KTLA is a limited partnership organized under the laws of Minnesota and with its principal place of business in that same state" and "Goodman is a limited liability company organized under the laws of Minnesota and with its principal place of business in that same state."[3]  Defendants, however, failed to identify the partners in KTLA and the members of Goodman, in violation of Rule 7.1's disclosure statement requirements.  The Court cannot determine whether diversity exists among the parties without knowing without knowing the partners/members and states of citizenship of KTLA and Goodman.

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. KTLA and Goodman are **DIRECTED** to file no later than January 12, 2024, a Disclosure Statement in accordance with Rule 7.1(a)(2) of the Federal Rules of Civil Procedure that provides the names and state(s) of citizenship of each partner/member of KTLA and Goodman.

2. A hearing on this Order to Show Cause is **SET** for January 26, 2024, at 11:00 a.m. in Courtroom 9D of the Ronald Reagan Federal Building and U.S. Courthouse, 411 W. 4th Street, Santa Ana, California.

---

[3]     *Id.* at ¶¶ 2 & 3.

3. The Scheduling Conference is **CONTINUED** to January 26, 2024, at 11:00 a.m. in Courtroom 9D of the Ronald Reagan Federal Building and U.S. Courthouse, 411 W. 4th Street, Santa Ana, California.

**IT IS SO ORDERED.**